# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Bradley J. Littlejohn, ) | Criminal Action No.: 7:11-cr-02358-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner Bradley J. Littlejohn's ("Petitioner") motion seeking relief pursuant to 28 U.S.C. § 2255. (ECF No. 295.) Respondent United States of America ("Respondent") opposes Petitioner's motion as untimely under Federal Rule of Criminal Procedure 35's 14-day deadline and § 2255's one-year limitations period. (ECF No. 297.) Respondent also opposes Petitioner's motion arguing that his counsel was not ineffective for failing to make a request for "concurrent" or "retroactive" sentences that Petitioner claims he should have been granted. (*Id.*) For the reasons set forth below, the court **DENIES** Petitioner's motion.

## FACTUAL AND PROCEDURAL HISTORY

On December 3, 2011, Petitioner was indicted for counterfeit check conspiracy and identity theft charges. (ECF No. 2.) On March 20, 2012, Petitioner pled guilty to the conspiracy charge. (ECF No. 135.) On July 11, 2012, Petitioner was sentenced to twenty (20) months imprisonment followed by a term of supervised release of three (3) years. (ECF No. 209.)

On July 23, 2013, Petitioner pled guilty to trafficking cocaine in North Carolina state court. (ECF No. 295 at 2.) On the same day, Petitioner was sentenced in North Carolina state

1

court. (*Id.*)

On January 17, 2014, Petitioner completed his federal sentence. (Bureau of Prison website at www.bop.gov/inmateloc/.) Petitioner informs the court that, thereafter in January 2014, he was transferred from a federal correctional institution to a North Carolina state correctional facility. (ECF No. 295 at 2.)

On July 9, 2014, Petitioner filed a § 2255 motion requesting that the court order that his federal and state sentences run "retroactive." (ECF No. 295.) In his motion, Petitioner alleges that he expressed a desire that his federal and state sentences run "retroactive" to his counsel, but that his counsel failed to inform the judge of this request. (ECF No. 295 at 1-2.)

On July 11, 2014, Respondent filed a memorandum in opposition to Petitioner's motion. (ECF No. 297.) Respondent argues that Petitioner's counsel did not render ineffective assistance because it is not possible for his counsel to request that the federal sentence run concurrent with the state sentence since the state sentence was not in place at the time of federal sentencing. (ECF No. 297 at 2.) Moreover, Respondent argues that Petitioner's motion is untimely since the 14-day deadline set forth in Rule 35 has long since lapsed. (ECF No. 297 at 2.) Furthermore, Respondent argues that a *habeas* claim under § 2255 is also untimely because for § 2255 purposes, the one-year period in which to file an initial motion to vacate runs upon the expiration of the deadline for filing a direct appeal. (ECF No. 297 at 2.) Since Petitioner did not file a direct appeal, for § 2255 purposes, the one-year period in which to file an initial motion would have started in August 2012 and ended in August 2013. (ECF No. 297 at 3.)

## STANDARD OF REVIEW

28 U.S.C. § 2255 provides a one-year period in which to file an initial motion to vacate, which runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. §

2255.  When a federal criminal defendant does not pursue a direct appeal, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the time for filing a direct appeal.  *United States v. Plascenia*, 537 F.3d 385, 388 (5th Cir. 2008); *Atkins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000); *United States v. Johnson*, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000).

## DISCUSSION

Petitioner's federal and state charges are unrelated to each other.  Petitioner's counsel could not have requested that Petitioner's federal sentence run concurrent with his state sentence since Petitioner had not been sentenced in state court at the time of his federal sentencing.  Thus, the court finds that Petitioner's counsel was not ineffective since it was not possible for him to make such a request for concurrent or "retroactive" sentences when no state sentence was in place at the time.

Additionally, Petitioner neither filed a motion within 14 days after sentencing nor does he allege an arithmetical, technical, or other clear error. Therefore, the court finds that Federal Rule of Criminal Procedure 35 is inapplicable to this case.  Petitioner did not pursue a direct appeal in this case, so the one-year period set forth in § 2255 ran from July 26, 2012, the date the judgment was filed, and ended July 26, 2013. Petitioner did not file a § 2255 motion until July 9, 2014. Therefore, the court finds Petitioner's § 2255 motion was filed beyond the one-year limitations period and thus, is untimely.

Accordingly, Petitioner's motion seeking relief pursuant to 28 U.S.C. § 2255 is **DENIED WITH PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See*, *e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this matter, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
July 21, 2014